OPINION
{¶ 1} Defendant-appellant, the Ohio Department of Job and Family Services (hereinafter "ODJFS"), appeals the judgment of the Allen County Court of Common Pleas, ordering ODJFS to repay unemployment benefits to plaintiff-appellee, the City of Lima, for compensation paid to claimant Barbara Heffner.
 {¶ 2} Barbara Heffner (hereinafter "Heffner") worked as the Weed and Seed Coordinator for the City of Lima, a position funded by a grant, until funding ran out and her position was terminated. Heffner's employment contract categorized her as an independent contractor. However, Heffner asserted that because she was treated by the city in a manner that contravened her contract, she was a de facto employee of the city. Consequently, she believed she was entitled to unemployment compensation upon her termination.
 {¶ 3} Heffner, therefore, filed a claim with ODJFS for unemployment benefits. The Director disallowed her application because he determined she did not work a sufficient number of qualifying weeks of covered employment to be considered for benefits. Heffner requested reconsideration, but the Director affirmed his initial determination.
 {¶ 4} Heffner subsequently appealed the re-determination to the Unemployment Compensation Review Commission. After a hearing, the Review Commission Hearing Officer reversed the Director's decision, determining that Heffner was an employee of the City of Lima and allowed her application for benefits.
 {¶ 5} The City of Lima appealed the decision of the Hearing Officer. On rehearing, the Review Commission affirmed its determination.
 {¶ 6} The City of Lima then appealed the decision awarding benefits to Heffner to the Allen County Court of Common Pleas. The trial court reversed the decision of the Review Commission and ordered that "the Ohio Department of Job and Family Services is hereby directed to refund to the City of Lima any payments made to the Department as a result of benefits for unemployment compensation paid to the Appellee, Barbara Heffner."
 {¶ 7} ODJFS now appeals to this court and sets forth one assignment of error.
 ASSIGNMENT OF ERROR NO. I The lower court erred in its decision as a matter of law whenit ordered ODJFS to refund to the City of Lima any payments madeto the Department as a result of benefits for unemploymentcompensation paid to claimant Barbara Heffner, in contraventionof the provisions set forth in R.C. 4141.29(H) for repayment ofreimbursing employers.
 {¶ 8} ODJFS argues that the trial court exceeded its authority by ordering it to refund to the City of Lima the benefits paid out to Heffner without first recovering thebenefits from Heffner. ODJFS argues that, by virtue of statute, it lacks legal authority to follow the trial court's order.
 {¶ 9} Specifically, ODJFS alleges that R.C. 4141.29(H) prohibits its compliance with the order of the trial court. R.C.4141.29(H) provides in part:
In the case of a reimbursing employer, the director shallrefund or credit to the account of the reimbursing employer anyoverpaid benefits that are recovered under division (B) ofsection 4141.35 of the Revised Code.
 {¶ 10} It is undisputed herein that the City of Lima is a reimbursing employer. Therefore, pursuant to R.C. 4141.29(H), ODJFS must credit the account of the City of Lima any benefits recovered in accordance with R.C. 4141.35(B).
 {¶ 11} R.C. 4141.35(B) provides for the repayment of benefits that have been paid in error and states:
(B) If the director finds that an applicant for benefits hasbeen * * * paid benefits to which the applicant was not entitledfor reasons other than fraudulent misrepresentation, the directorshall:
 (1)(a) Within six months after the determination under whichthe claimant was * * * paid benefits becomes final * * * orwithin three years after the end of the benefit year in whichsuch benefits were claimed, whichever is later, by order * * *require that such benefits be repaid to the director.
 {¶ 12} In reviewing the order of the trial court, we must presume that the trial court intended to follow the statutory procedure for reimbursement. Further, the City of Lima has stated that it does not oppose ODJFS seeking reimbursement from Heffner prior to a payment being made to the city. Therefore, we construe the order of the trial court to mean that the benefits previously granted to Heffner shall be repaid by ODJFS to the City of Lima only after they have been collected from Heffner, pursuant to the procedure and limitations provided by R.C. 4141.35.
 {¶ 13} ODJFS's assignment of error is hereby overruled.
 {¶ 14} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.